IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM CHRISTOPHER LINDSEY                                                         PLAINTIFF

v.                                        Civil No. 2:19-CV-02057

CAPTAIN DUMAS and NURSE CINDY                                                      DEFENDANT

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Currently before the Court is Plaintiff's Motion to Supplement his Amended Complaint. (ECF No. 14).

Plaintiff's Amended Complaint alleges he was denied medical care and his HIPAA rights were violated at the Sebastian County Detention Center in April 2019. (ECF Nos. 1, 6). In his current Motion, Plaintiff now seeks to add an excessive force claim against Sergeant Warr and Sergeant Simms for an incident occurring in May 2019. (ECF No. 14).

Thus, Plaintiff seeks to amend his Amended Complaint, rather than merely provide supplemental information for existing claims. Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) ***Other Amendments***. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion regarding whether or not leave to amend should be granted. *Zenith Radio Corp. v. Hazeltine*

*Research, Inc.,* 401 U.S. 321, 330–32 (1971). Factors to consider in determining whether leave to amend should be granted include, but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and, (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994).

Pursuant to Local Rule 5.5(e), Plaintiff is required to attach a copy of his proposed Amended Complaint to his Motion. He has not complied with this Rule.

Plaintiff's Motion seeks to bring claims against Defendants not named in his Complaint, for incidents that are separate and distinct from any claim raised in his Complaint; thus, permitting this amendment would be unduly prejudicial to Defendants. Plaintiff is not entitled to unlimited amendments to his Complaint. *Zenith Radio Corp.,* 401 U.S. at 330–32. Plaintiff's Motion to Amend (ECF No. 14) is **DENIED**. If Plaintiff wishes to allege new incidents or causes of action, he is free to file a new Complaint. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (no abuse of discretion to deny amendment request when Plaintiff could file the additional claims in a new complaint).

If Plaintiff wishes to file a new case concerning the allegations in his motion, he is free to do so.

IT IS SO ORDERED this 10th day of July 2019.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE