IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM CHRISTOPHER LINDSEY                                                PLAINTIFF

v.                                   Civil No. 2:19-CV-02057

CAPTAIN DUMAS and NURSE CINDY                                             DEFENDANTS

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on May 6, 2019. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to file a completed *in forma pauperis application* and an Amended Complaint. (ECF No. 3). Plaintiff filed his Amended Complaint on May 20, 2019, along with a partial IFP application. (ECF No. 6, 7). Plaintiff filed his certificate of inmate account on May 22, 2019. (ECF No. 9). Plaintiff was granted IFP status on May 23, 2019. (ECF No. 10).

Plaintiff alleges he was denied medical care while incarcerated in the Sebastian County Detention Center. (ECF No. 1 at 3). Plaintiff alleges he is hypoglycemic and at the beginning of his incarceration his blood sugar was checked four times a day and he was given snacks if his blood sugar was low. (*Id*.). He alleges that for several weeks, "everything [was] good." (*Id*.). On approximately April 22, 2019, however, Plaintiff alleges the snacks were suddenly stopped "for no reason." As a result, his blood sugar dropped in to the "40's" which is dangerously low. (*Id*.). Plaintiff wrote a grievance concerning the matter. He alleges Nurse Cindy blamed Captain Dumas,

and Captain Dumas blamed Nurse Cindy. (*Id*.). After the grievance, his blood sugar was no longer tested, and he was placed in lock down "for no reason" in retaliation for filing the grievance. (*Id*. at 3, 6). Plaintiff later alleges he was told he was placed in lock-down for medical reasons. (*Id*. at 6). Plaintiff further alleges that Defendants violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA") because Captain Dumas looked at his blood sugar charts. (ECF No. 6 at 2). Plaintiff also includes an unnamed "kitchen lady" in his HIPAA claim. (*Id*.).

Plaintiff proceeds against Defendants in both their official and personal capacity. (ECF No. 1 at 6). He seeks compensatory and punitive damages. (ECF No. 1 at 5).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

2

## III. ANALYSIS

Plaintiff's HIPAA claim is subject to dismissal. HIPAA did not create a private right of action, and therefore it cannot be privately enforced though § 1983. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Dockery v. Correctional Medical Services*, 2007 WL 1560317 (D. Nebraska 2007).

Likewise, Plaintiff failed to state a plausible official capacity claim against Defendants. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff failed to identify any policy or custom of the Sebastian County Detention Center which violated his rights. He therefore fails to state a plausible official capacity claim against any Defendant.

## IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's official capacity and HIPAA claims are DISMISSED WITHOUT PREJUDICE. Plaintiff's personal capacity claims for denial of

medical care and retaliation for filing a grievance remain for further consideration against both Defendants.

IT IS SO ORDERED this 2nd day of August 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE