IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM CHRISTOPHER LINDSEY                                                          PLAINTIFF

v.                                          Civil No. 2:19-CV-02057

CAPTAIN DUMAS, *et. al*.                                                            DEFENDANTS

**ORDER**

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey two Court Orders and to prosecute this case.

**I.      BACKGROUND**

Plaintiff filed his Complaint on May 6, 2019.  (ECF No. 1).  That same day, the Court entered an Order directing Plaintiff to file an Amended Complaint and a complete IFP application, which he did on May 20, 2019.  (ECF Nos. 3, 6, 7).  On May 23, 2019, the Court entered an Order granting Plaintiff IFP status.  In both Orders, Plaintiff was advised that he must inform the Court of any change in his address within 30 days of that change or his case would be subject to dismissal.  (ECF No. 3 at 2; ECF No. 10).  Plaintiff subsequently filed notices of address change on June 6, 2019, and June 11, 2019.  (ECF Nos. 12, 13).  On July 25, 2020, mail sent to Plaintiff was returned as undeliverable, and his deadline to inform the Court of his new address was set for August 19, 2020.  (ECF No. 25).

To date, Plaintiff has failed to inform the Court of his new address and has not otherwise communicated with the Court.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 31st day of August 2020.

*/s/ P. K. Holmes, III*
P. K. HOLMES, III
U.S. DISTRICT JUDGE